897 A.2d 313

IN THE MATTER OF ANTHONY J. SIMMONS, AN ATTORNEY
AT LAW (ATTORNEY NO. 044871989).

May 3, 2006.

## ORDER

The Disciplinary Review Board having filed with the Court its
decision in DRB 05–248, concluding that **ANTHONY J. SIM-
MONS**, formerly of **NEWARK**, who was admitted to the bar of
this State in 1989, and who has been temporarily suspended from
the practice of law since March 21, 2003, by Order of the Court
filed on February 21, 2003, should be suspended from practice for
a period of two years for violating RPC 1.1(a) (gross neglect), RPC
1.3 (lack of diligence), RPC 1.4(a) (failure to communicate with
client), RPC 1.15(a) (failure to safeguard client funds), and RPC
1.15(b) (failure to promptly deliver property to a client);

And the Disciplinary Review Board having further concluded
that prior to reinstatement to practice, respondent should provide
proof of his fitness to practice and that on reinstatement, respon-
dent should be required to practice under supervision;

And **ANTHONY J. SIMMONS** having been ordered to show
cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the record
that the appropriate quantum of discipline for respondent's unethi-
cal conduct is a three-year suspension from practice retroactive to
the date of respondent's temporary suspension and that in addi-
tion to the conditions the Disciplinary Review Board concluded
should be imposed, respondent should not be permitted to practice
as a sole practitioner;

And good cause appearing;

It is ORDERED that **ANTHONY J. SIMMONS** is suspended
from the practice of law for a period of three years, retroactive to

March 21, 2003, and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics, and shall satisfy the award by the District VA Fee Arbitration Committee in District Docket No. VA-01-35F, as ordered by the Court on February 21, 2003; and it is further

ORDERED that on reinstatement to practice, respondent shall not practice law as a sole practitioner and shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of three years and until further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.